UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

KENNETH LOUIS DAVIS, JR.,

        Plaintiff,

v.                                                    Case No. 5:18-cv-226-Oc-40PRL

CHARLES LOCKETT, DR. GARY VENUTO,
FNU MEZYK, FNU HENDERSON, and
JOHN/JANE DOES,

        Defendants.

## **ORDER**

Plaintiff, an inmate at the Coleman Federal Correctional Complex, alleges in his *pro se* complaint[1] that Defendants violated his constitutional rights in their care for his seizure disorder, resulting in a Dilantin overdose that has had lasting effects. (Doc. 1.) The Defendants have moved to dismiss Plaintiff's case pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, alleging that he has failed to exhaust his administrative remedies under the Prison Litigation Reform Act (PLRA), has failed to state a claim, and that Defendants Mezyk and Henderson are entitled to absolute immunity as officers of the U.S. Public Health Service. (Doc. 20.) Defendant has filed a response in opposition. (Doc. 25.)

---

[1] The complaint is filed pursuant to *Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) (authorizing suits against individual federal officials). However, as discussed later in this Order, Plaintiff also appeared to assert a Federal Tort Claims Act (FTCA) in his Complaint, but the form only contemplated constitutional actions.

For the reasons discussed below, Defendants' Motion to Dismiss is due to be granted in part and denied part, with Plaintiff given leave to amend to file a complaint pursuant to the FTCA.

### A. Plaintiff's Complaint

The allegations of Plaintiff's Complaint,[2] taken as true for the purposes of the Motion to Dismiss, are as follows: On February 19, 2016, while at FCC Coleman, Plaintiff had his blood drawn by medical staff. (Doc. 1, p. 7.) On February 20, he reported back to the medical department and his Dilantin level was 64.2, which is three times the therapeutic level and life-threatening. *Id.* at 7, 9. On February 22, Plaintiff passed out at the dining hall and was transported to a local hospital. *Id.* at 9. Tests showed serious Dilantin toxicity. *Id.* Plaintiff was treated and released back to FCC Coleman. *Id.*

Plaintiff describes a number of injuries, although it is unclear which is attributable to head trauma he received at Tucson U.S.P. or the subsequent Dilantin overdose at FCC Coleman. *Id.* at 10. These injuries include: weight loss; insomnia; tremors; trouble concentrating; memory problems; vision impairment; hair loss; headaches; brain damage; and inability to maintain a conversation. *Id.* Plaintiff complains that he is still not receiving adequate treatment for his condition. *Id.* at 11. For relief, Plaintiff seeks transfer to Petersburg F.C.I.; treatment with a neurologist and psychologist; monetary damages; and lost wages. *Id.* at 11-12.

---

[2] Plaintiff's complaint contains several claims arising at Tucson U.S.P. Those claims were dismissed without prejudice on November 27, 2018, as misjoined. Accordingly, the factual summary only describes the claims arising at FCC Coleman.

**B. Standard of Review**

In passing on a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court is mindful that "[d]ismissal of a claim on the basis of bare bones pleadings is a precarious disposition with a high mortality rate." *Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv.*, 400 F.2d 465, 471 (5th Cir. 1968). Thus, for the purposes of a motion to dismiss, the Court must view the allegations of the complaint in the light most favorable to the plaintiff, consider all of the allegations of the complaint as true, and accept all reasonable inferences that might be drawn from such allegations. *Jackson v. Okaloosa County, Fla.*, 21 F.3d 1531, 1534 (11th Cir. 1994); *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974). Furthermore, the Court must limit its consideration to the complaint and written instruments attached as exhibits. Fed. R. Civ. P. 10(c); *GSW, Inc. v. Long County, Ga.*, 999 F.2d 1508, 1510 (11th Cir. 1993).

Once a claim has been stated adequately, it may be supported by showing any set of facts with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). However, "while notice pleading may not require that the pleader allege a 'specific fact' to cover each element of a claim, it is still necessary that a complaint contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory." *Roe v. Aware Woman Center for Choice*, 253 F.3d 678, 683 (11th Cir. 2001).

**C. Exhaustion Requirement of the PLRA**

The PLRA, at 42 U.S.C. § 1997e, reads:

> (a) Applicability of Administrative Remedies. No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

Plaintiff is required to exhaust his administrative remedies before filing suit, regardless of the relief offered through administrative procedures. *Alexander v. Hawk*, 159 F.3d 1321, 1325 (11th Cir. 1998).

The Bureau of Prisons has a three-level administrative remedy process if informal resolution procedures fail to achieve the inmate's desired results. *See* 28 C.F.R. § 542.10, *et seq*. The administrative remedy process is begun by filing a Request for Administrative Remedy at the institution where the inmate is incarcerated. If the inmate's complaint is denied, he may file a Regional Appeal with the Regional Office for the geographic region in which the inmate is confined. If the Regional Office denies relief, the inmate can appeal to the Office of General Counsel. Proper exhaustion requires the completion of all three steps of review. *Irwin v. Hawk*, 40 F.3d 347, 349, n. 2 (11th Cir. 1994) ("An inmate has not fully exhausted his administrative remedies until he has appealed through all three levels."); *Jones v. Bock*, 549 U.S. 199, 211 (2002) (unexhausted claims are not permitted).

## D. Discussion

### 1. Exhaustion

Defendants contend that Plaintiff did not properly exhaust his claim because "[t]here is no record he followed the instructions and filed at the institutional level." (Doc. 20, p. 6.) In support of their claim, Defendants have provided neither a declaration

4

of a records custodian nor any actual copies of the administrative remedies filed by Plaintiff. They have instead provided two computer-generated summaries of the remedies filed by Plaintiff. *Id.* at Exhs. 1-2.

However, in his response in opposition, Plaintiff has provided several documents demonstrating that he did file a grievance at the institutional level and that his remedies were potentially mishandled by the BOP. (Doc. 25.) First, Plaintiff has attached an Informal Resolution Form that appears to be signed by BOP officials and given to his counselor on March 7, 2017. *Id.* at 9. The form also notes that a BP-9 was issued to Plaintiff on March 18, 2017 and returned to the counselor on March 20, 2017. *Id.* Plaintiff also includes letters dated May 11 and May 25, 2017, from Correctional Counselor M. Ureña to the Regional Office. Both letters stated that Plaintiff's BP-9 was submitted in March 2017, with a reply still pending. Citing BOP policy, Counselor Ureña explained that due to the delay in response the Regional Office could proceed with the administrative remedy process. *Id.*; See also BOP Program Statement 1330.17 (if an inmate does not receive a response within 20 calendar days, "the inmate may consider the absence of a response to be a denial at that level.")

Based on the record before the Court,[3] Defendants are not entitled to the affirmative defense of failure to exhaust administrative remedies, and in that respect their Motion to Dismiss is denied.

---

[3] "Jurisdictional challenges . . . can be decided without reference to the merits of the underlying claim and lie within the exclusive province of the trial court. Consequently, when a defendant challenges subject matter jurisdiction the district court is free to independently weigh facts" and look beyond the four corners of the complaint. *Morrison v. Amway Corp.*, 323 F.3d 920, 924-35 (11th Cir. 2003) (nothing that in resolving a factual attack on subject matter jurisdiction, the district court may consider extrinsic evidence, such as

5

## 2. Deliberative Indifference to Medical Needs

Defendants argue that Plaintiff has failed to state constitutional claim. In *Estelle v. Gamble*, 429 U.S. 97 (1976), the Supreme Court held that deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment prohibition against cruel and unusual punishment. "To prevail on a deliberate indifference to serious medical need claim, [a plaintiff] must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Mann v. Taser Intern., Inc.*, 588 F.3d 1291, 1306–07 (11th Cir. 2009). To establish the second element, deliberate indifference to the serious medical need, the plaintiff must show: "(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." *Brown v. Johnson*, 387 F.3d 1344, 1351 (11th Cir.2004); *see also Farmer v. Brennan*, 511 U.S. 825, 837 (1994) (explaining that the plaintiff must show that the defendant was "both [ ] aware of facts from which the inference could be drawn that a substantial risk of serious harm exist[ed], and he must also [have] draw[n] the inference").

Here, taking Plaintiff's allegations as true, he has alleged that he had a serious medical need (Dilantin toxicity); that the Defendants knew of this by virtue of his February 19, 2019, blood tests; that Defendants ignored the toxic levels; and as a result, Plaintiff passed out two days later and required emergency hospitalization. Based on these facts, Plaintiff has stated a claim for deliberate indifference to his medical needs.

---

testimony and affidavits). Accordingly, the Court may consider the evidence presented by the parties in deciding whether subject matter jurisdiction exists in this case.

### 3. Supervisory Liability

To the extent Plaintiff alleges that Warden Lockett is liable for his alleged lack of medical care he is a supervisor, his claim fails. "It is well established in this circuit that supervisory officials are not liable under *Bivens* for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability." *Gonzalez v. Reno*, 325 F.3d 1228, 1234 (11th Cir.2003) (quotation and alteration omitted); *Corbett v. Transp. Sec. Admin.*, 568 F. App'x 690, 697 (11th Cir.2014). The standard for which a supervisor is held liable is "extremely rigorous"—supervisors can be held liable when "'the supervisor personally participates in the alleged constitutional violation or when there is a causal connection between actions of the supervising official and the alleged constitutional violation.'" *Gonzalez*, 325 F.3d at 1234 (quoting *Braddy v. Fla. Dep't of Labor & Employment Sec.*, 133 F.3d 797, 802 (11th Cir.1998)); *Corbett*, 568 F. App'x at 697.

Plaintiff has failed to allege facts that would state a claim against Warden Lockett for supervisory liability. He has alleged neither personal participation in the alleged violation nor a causal connection.

### 4. Absolute Immunity

Defendants Mezyk and Henderson argue that Plaintiff's *Bivens* claim against them individually are due to be dismissed because they are immune by virtue of their position as Public Health Service (PHS) officers. *See* 42 U.S.C. § 233(a); *Hui v. Castaneda*, 559 U.S. 799, 802 (2010) (holding that "based on the plain language of § 233(a), we conclude that PHS officers and employees are not personally subject to *Bivens* actions for harms arising out of such conduct.").

7

In support of their claims of absolute immunity, Defendants Mezyk and Henderson have attached sworn declarations stating that they are officers in the United States Public Health Service. (Doc. 20, Exhs. 4, 5.) However, "[c]onsideration of matters beyond the complaint is improper in the context of a motion to dismiss . . ." *Milburn v. United States*, 734 F. 2d 762, 765 (11th Cir. 1984). Accordingly, dismissal under Rule 12(b)(6) as to Defendants' assertions of absolute immunity is not appropriate, as it requires to look beyond the Complaint and to the sworn declaration attached to the motion to dismiss.

**5. Federal Tort Claims Act (FTCA)**

Although Plaintiff does not specifically reference the Federal Tort Claims Act in his Complaint and he did not name the United States as a defendant, the Court notes that under the "Basis for Jurisdiction" section, he is only given the option of constitutional claims. (Doc. 1, p. 5.) Under "Statement of Claim," Plaintiff wrote "Medical Neglect Negligence." *Id.* at 6. Furthermore, in his response to the Motion to Dismiss, Plaintiff attaches a copy of his Administrative Tort Claim, indicating that does intend to pursue a tort claim against the United States. *Id.* at Exh. I. Accordingly, Plaintiff will be given the opportunity to amend his Complaint.

### E. Conclusion

Upon due consideration, it is ORDERED:

1. Defendants' Motion to Dismiss (Doc. 20) is GRANTED IN PART and DENIED IN PART. Plaintiff's claims against Warden Lockett are DISMISSED. The Clerk is directed to terminate him as a Defendant. In all other respects, the motion is DENIED.

8

2. The Clerk is directed to send Plaintiff a blank complaint form for federal prisoners.

3. Plaintiff shall submit his Amended Complaint within TWENTY-ONE (21) DAYS of the date of this Order. Plaintiff is advised that the United States is the proper defendant in an FTCA action. The Amended Complaint will supersede the original Complaint – Plaintiff shall not reference the original Complaint and shall include all claims and defendants in the Amended Complaint. Plaintiff shall not include any claims related to Tucson U.S.P. or Warden Lockett, as they have already been dismissed. Failure to comply may result in the dismissal of this case without further notice.

4. Within FOURTEEN (14) DAYS of the filing of the Amended Complaint, Defendants Venuto, Mezyk, and Henderson shall file an Answer; the United States shall file a responsive pleading within that same time period.

**DONE AND ORDERED** in Orlando, Florida, on February 24, 2020.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel of Record
Unrepresented Parties
SA: OCAP-2